# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DENNIS AVERY BOSTWICK, #198578**                          **PLAINTIFF**

**v.**                                                                     **CAUSE NO. 1:17-cv-124-LG-RHW**

**OFFICER JOHN DOE, et al.**                                    **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

Pro Se Plaintiff Dennis Avery Bostwick brings this Complaint pursuant to 42 U.S.C. § 1983. At the time of filing this civil action, Bostwick was incarcerated at the Harrison County Adult Detention Center in Gulfport, Mississippi. According to Bostwick's May 17, 2017, Notice [4] of change of address, he is presently incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi. Bostwick is proceeding *in forma pauperis*. *See* Order [7].

On June 23, 2017, the Court entered an Order [10] directing Bostwick to file a written response to provide specific information regarding his claims. The Order [10] directed Bostwick to file his response on or before July 14, 2017, and warned Bostwick that failure to timely comply or failure to keep the Court informed of his

current address would lead to the dismissal of this case. Bostwick failed to comply with this Order [10].

On August 4, 2017, the Court entered a Show Cause Order [12] directing Bostwick to show cause, on or before August 18, 2017, why this case should not be dismissed for his failure to comply with the Court's previous Order [10]. The Show Cause Order [12] warned Bostwick that failure to timely comply or failure to advise the Court of his current address "will result in the dismissal of this case without further written notice to the Plaintiff." Order [12] at 1. Bostwick failed to comply with the Show Cause Order or otherwise contact the Court.

On August 31, 2017, the Court entered a Second Order to Show Cause [13] directing Bostwick to show cause, on or before September 15, 2017, why this case should not be dismissed for his failure to comply with the Court's previous two Orders. The Second Order to Show Cause [13] warned Bostwick that "if he fails to fully comply with this Order in a timely manner or if he fails to keep this Court advised of his current address, this case will be dismissed." Order [13] at 2. Bostwick failed to comply with the Second Order to Show Cause or otherwise contact the Court.

Since Bostwick is incarcerated and proceeding pro se, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case. On October 24, 2017, the Court entered a Final Order to Show Cause [14] directing Bostwick to show cause, on or before November 7, 2017, why this case

should not be dismissed for his failure to comply with the Court's previous three Orders. The Final Order to Show Cause [14] warned Bostwick that "**if he fails to fully comply with this Order in a timely manner or if he fails to keep this Court advised of his current address, this case will be dismissed.**" Order [14] at 2 (emphasis in the original). The Final Order to Show Cause [14] directed the Clerk of Court to mail a copy of the Order [14] and a copy of the June 23, 2017 Order [10] to Bostwick at his address of record and also to the facility listed as Bostwick's location on October 24, 2017, on the website for the Mississippi Department of Corrections. Bostwick has not complied with the Final Show Cause Order or otherwise contacted the Court.

## II. DISCUSSION

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Bostwick has not contacted the Court since June 22, 2017, and he has failed to comply with four Court Orders [10, 12, 13, 14], even after being warned that failure to do so would result in the dismissal of this case. It is apparent that Bostwick does not wish to pursue this action.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Bostwick's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Bostwick's pleading, and the Court has not considered the merits of Bostwick's claims, the Court's Order of Dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and

4

to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE